No. 2025-1787

# United States Court of Appeals
# For the Federal Circuit

STA Group LLC,
*Appellant*

v.

Motorola Solutions, Inc.,
*Appellee*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2023-01295

**APPELLANT'S REPLY BRIEF**

April 22, 2026

Jason A. Engel
K&L Gates LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Phone: 312-807-4236
Email: jason.engel@klgates.com

Nicholas F. Lenning
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: 206-370-6685
Email: nicholas.lenning@klgates.com

Erik J. Halverson
K&L Gates LLP
4 Embarcadero Center
San Francisco, CA 94111
Phone: 415-882-8238
Email: erik.halverson@klgates.com

**COUNSEL FOR APPELLANT**
**STA GROUP LLC**

***Exemplary Claim of U.S. Patent No. 8,994,830 ("'830 patent")***

Claims 1–5, 7–19, and 21–24 of the '830 patent were challenged. All challenged claims were found unpatentable. Claim 1 is exemplary and is shown below:

> 1. A method, comprising:
> monitoring a selection of a communication channel by a user of a mobile communication device;
> providing a plurality of radio frequencies on a display of the mobile communication device, each radio frequency being associated with a geographical zone from which a plurality of video feeds associated with the geographic zone are sourced;
> monitoring a selection of a radio frequency of the plurality of radio frequencies by the user;
> identifying at least one video feed by selecting the at least one video feed from the plurality of video feeds associated with the geographic zones, wherein the at least one video feed is associated with the selected communication channel based on a user policy that identifies one or more video feeds that are relevant to the user when the user accesses the selected communication channel, the one or more video feeds being independent of the selected communication channel; and
> providing access to the identified at least one video feed to the mobile communication device based on the user policy.

Appx00107, 12:18–39; Appx01029.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-1787

**Short Case Caption** STA Group LLC v. Motorola Solutions Inc.

**Filing Party/Entity** STA Group LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/22/2026

Signature: /s/ Jason A. Engel

Name: Jason A. Engel

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| STA Group LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| K&L Gates LLP: Kyle M. Kantarek | | |
| K&L Gates LLP: Nolan R. Hubbard | | |
| K&L Gates LLP: Dennis A. Majewski | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

I. Argument ....................................................................................1

A. The Board adopted a gap-based theory that is contradicted by Saylor and the record. ....................................................................................2

B. Saylor expressly discloses cross-network operability..........................4

C. Appellee's alternative ground arguments cannot save the Board's decision.....................................................................................5

Conclusion ....................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*PersonalWeb Technologies, LLC v. Apple Inc.*,
848 F.3d 987 (Fed. Cir. 2017) ....................................................................5

## I. ARGUMENT

Appellee attempts to recast the Board's opinion, and its own arguments before the Board, claiming that "[t]he Board never assumed that Shaffer was 'necessary' for Saylor to communicate with other networks" and that instead, the Board found that "Shaffer's interoperability system would make Saylor's system more 'desirable' and provide 'efficiency.'" Appellee Resp. Br. at 21.

But Appellee's arguments *now* flatly contradict Appellee's arguments *below*, which the Board quoted and adopted. Appellee argued to the Board that Saylor "does not explain *how* to convey notifications to recipients in different networks" and that "Shaffer's IS system provides the needed mechanism for interoperable communications to achieve Saylor's goals." Appx00025. Appellee did not argue, and the Board did not find, that the combination was merely a more desirable and efficient system of interoperability. Instead, Appellee expressly argued, and the Board adopted, that the combined system enabled interoperability, specifically that Shaffer's addition "facilitates communications from Saylor's central security network to the relevant personnel and authorities in a different network." *See* Appx00024.

The Board's motivation-to-combine analysis adopted Appellee's argument that Saylor contained a technological "gap" in cross-network communications: that Saylor "does not explain how to convey notifications to recipients in different networks," and that Shaffer's interoperability system provides the "needed mechanism" to supply that missing

implementation detail. Appx00025; Appx00029–00030. The Board invoked efficiency only as a purported benefit flowing from the same rationale presented by Appellee, and it repeatedly anchored its analysis in Saylor's alleged failure to explain "how" to deliver notifications to different networks. *See* Appx00029.

This premise of the Board's opinion—that Saylor "does not explain how to convey notifications to recipients in different networks"—cannot be reconciled with (1) Saylor's express disclosures identifying multiple ways to communicate alert notifications (including via the Internet and other communication portals), and (2) Appellee's own expert testimony conceding that Saylor discloses how notifications can be conveyed across a wide variety of networks.

Because the Board failed to reconcile its premise with the contrary evidence it cited and that STA highlighted, its motivation finding is not supported by substantial evidence and should be reversed or, at a minimum, vacated and remanded.

### A. The Board adopted a gap-based theory that is contradicted by Saylor and the record.

The Board below accepted Motorola's contention that a person of ordinary skill would combine the references "to connect Saylor's central security network as an input to Shaffer's [interoperability system]." Appx00023–00025. Central to that rationale was the proposition that, while Saylor identifies recipients via an address book, Saylor "does not explain how to convey notifications to recipients in different networks," and that Shaffer "provides the needed mechanism for interoperable communications to achieve Saylor's

goals." Appx00025. For example, in rejecting Appellant's redundancy argument below, the Board cited and credited Dr. Polish's testimony that "Shaffer . . . provides the connection from Saylor's central security network to the relevant personnel and authorities in a different network who may respond to an incident . . . ." Appx00030. While the Board facially acknowledged that Saylor transmits notifications to recipients in other networks, it still adopted Appellee's premise that Saylor does not explain how to convey those notifications, and never reconciled that premise with Saylor's express disclosure of notification methods across different networks or Dr. Polish's own concessions of the same. Appx03640–03642.

Appellee now asserts that the Board did not treat Shaffer as "necessary" to implement cross-network communications, but rather that the combined system is "more desirable" because it is "more efficient." Appellee Resp. Br. at 22. But it is Appellee, not Appellant, who asserted that Shaffer provides the "needed mechanism" for interoperability between different networks. Appx00025. Appellee's arguments now simply cannot be reconciled with its arguments below. While the Board did mention efficiency, it did so as part of its conclusion that Shaffer's IS would provide interoperability to Saylor's security system. Appx00029 ("Dr. Polish's testimony that 'Shaffer's IS would have enabled security personnel or other responders to directly and seamlessly receive communications and information from surveillance cameras in a building utilizing Saylor's security network,' specifically describes the desirable benefit of efficiency a person of ordinary skill in the art would have reasonably expected to obtain from Petitioner's proposed combination"). In other words, the

"efficiency" found by the Board was the addition of interoperability, not *better* interoperability, as Appellee seems to suggest now.

### B. Saylor expressly discloses cross-network operability.

Saylor explains that alert notifications may be communicated "via the Internet," as well as POTS, wireless portals, voice portals, and other methods. *See* Appx01519, 6:19–25. It further states that the central security server may alert users and other identified entities via voice alarm, text message, and other notifications such as email or other electronic communications, and lists numerous methods of notification including cell phone, regular phone, pager, PDA, email, instant messenger, and other forms of communication. Appx01519, 6:22–23.

The Board itself recognized that Saylor "transmits notifications and information to relevant recipients in other networks," yet still adopted Appellee's argument that Saylor "does not explain how to convey notifications to recipients in different networks." Appx00025. But neither the Board nor Appellee ever explained why Saylor's identified methods were purportedly inadequate to supply the "how," nor identified record evidence of a POSITA-perceived deficiency in Saylor's delivery mechanisms that would create the alleged "gap." Nor did the Board resolve Dr. Polish's testimony and agreement that Saylor *does* disclose communication notifications across different networks. Instead, the Board simply appears to have credited Appellee's arguments and expert testimony, both conclusory,

that Saylor could not enable notifications to different networks and needed Shaffer for that functionality.

### C. Appellee's alternative ground arguments cannot save the Board's decision.

Appellee argues that Appellant cannot show prejudice, and lists what it believes are alternative grounds on which to find a motivation to combine Saylor and Shaffer. These arguments necessarily fail, however, because none of these were put forth by the Board as independent bases for a motivation to combine. Instead, Appellee's arguments rest on cherry-picked words, all of which derive from the Board's main conclusion on the purported lack of interoperability in Saylor and Shaffer's addition providing such interoperability. Appellee did not assert multiple independent bases for a motivation to combine below, nor did the Board make such a finding.

That principle is firmly grounded in Federal Circuit precedent. In *PersonalWeb Technologies, LLC v. Apple Inc.*, the Court vacated the Board's obviousness determination where the PTAB failed to adequately explain its rationale and rejected efforts by appellate counsel to supply a more coherent justification on appeal. 848 F.3d 987, 993–94 (Fed. Cir. 2017). The Court emphasized that effective judicial review depends on the agency's articulation of the actual grounds on which it acted, not after-the-fact rationalizations offered to defend the result, explaining that "[Petitioner]'s attempts in this court to explicate both the Board's explanation and the underlying evidence do not persuade us otherwise." *Id.* at 994. Accordingly, where the Board identified a particular and specific reason for combining

references, the agency and petitioner may not defend the judgment by later reframing the combination as motivated by efficiency, preferred implementation, or routine design choice. *PersonalWeb* confirms that appellate advocacy cannot cure an inadequate or incomplete Board rationale by substituting a different one after the fact.

At a minimum, the decision should be vacated and remanded for the Board to reconcile the contradiction between Saylor's express disclosures and the Board's conclusion.

## CONCLUSION

The judgment of the Board should be reversed or, at a minimum, remanded to the Board for further consideration.

Dated: April 22, 2026

Respectfully submitted,

/s/ *Jason A. Engel*
Jason A. Engel
K&L Gates LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Phone: 312-807-4236
Email: jason.engel@klgates.com

Erik J. Halverson
K&L Gates LLP
4 Embarcadero Center
San Francisco, CA 94111
Phone: 415-882-8238
Email: erik.halverson@klgates.com

Nicholas F. Lenning
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: 206-370-6685
Email: nicholas.lenning@klgates.com

**COUNSEL FOR APPELLANT**
**STA GROUP LLC**

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and Fed. Cir. R. 32(b) because it contains 1,249 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Word in 14-point Times New Roman font.

Dated: April 22, 2026

By: /s/ *Jason A. Engel*
Jason A. Engel

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2025-1787

**Short Case Caption** STA Group LLC v. Motorola Solutions Inc.

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 04/22/2026

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: ____________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Lauren J. Dreyer | lauren.dreyer@bakerbotts.com |
| Robert L. Maier | robert.maier@bakerbotts.com |
| Clarke Stavinoha | clarke.stavinoha@bakerbotts.com |
| Eliot D. Williams | eliot.williams@bakerbotts.com |
| Lori Ding<br>Katherine M. Burke | lori.ding@bakerbotts.com<br>katherine.burke@bakerbotts.com |

☐ Additional pages attached.

Date: 04/22/2026

Signature: /s/ Jason A. Engel

Name: Jason A. Engel